The NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Cesar Perales, as Commissioner of the New York State Department of Social Services, and Rosel Hoevals, by Her Representative and Next Friend, William Kaufman, SS # 112–28–8745, Plaintiffs,

v.

Otis R. BOWEN, M.D., Secretary of the United States Department of Health and Human Services, Defendant.

No. CV 86–2132.

United States District Court, E.D. New York.

April 28, 1988.

Robert Abrams, Atty. Gen. by Marla Tepper, New York City, for plaintiffs.

Andrew J. Maloney, U.S. Atty. by Kevan Cleary, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, The New York State Department of Social Services ("DSS" or the "State Agency") seeks reimbursement of funds expended in paying for a now-deceased individual's treatment at a convalescent facility. Reimbursement is sought from the United States Department of Health and Human Services ("HHS" or the "Federal Government") on the ground that the Federal Government improperly denied payment of the relevant services under the federally administered Medicare program thus requiring payment by the State Agency pursuant to the State administered Medicaid program. Presently before the Court is the Federal Government's motion to dismiss or in the alternative to stay or remand this case to HHS for further proceedings. For the reasons that follow, the stay is denied and the complaint is dismissed.

### I.

#### A. *Statutory Framework*

The Medicare program establishes a federally funded system of health insurance for the aged and disabled. The payments at issue here arise under Part A of Medicare which provides basic insurance against the cost of, among other things, post-hospitalization extended care. 42 U.S.C. § 1395d(a)(2)(A). Such expenses are covered by Medicare if they are deemed to be primarily medical in nature and if they are reasonable and necessary to the patient's treatment. 42 U.S.C. § 1395f(a)(2)(C). While purely custodial post-hospitalization expenditures are not covered by Medicare, *see* 42 U.S.C. § 1395y(a)(9), such expenditures are often covered by Medicaid—a jointly funded federal-state welfare program that pays the medical expenses of individuals who cannot afford to do so.

Since New York's Medicaid program covers post-hospitalization custodial services, Medicaid will reimburse the providers of such services if Medicare expenses are denied. This is precisely the factual scenario that led to this lawsuit.

#### B. *Facts*

On August 6, 1984, following a 98-day hospital stay, Rosel Hoevals, a 95 year-old widow, was admitted to the Consolation Residence in West Islip, New York. Although Ms. Hoevals remained at Consolation Residence until her death on February 7, 1985, the dispute here arises out of payments covering the period between August 6, 1984 and September 4, 1984.

According to plaintiffs, Ms. Hoevals required and received skilled nursing care between August 6 and September 4, 1984, the cost of which should have been covered by Medicare. This theory was pursued by the State at the administrative level by an employee of DSS who Ms. Hoevals' daughter appointed to act as Ms. Hoevals' representative. Since Medicare's rejection of the State's argument resulted in payment of fees by DSS, the State seeks, through this lawsuit, to appeal the administrative decision of HHS denying Medicare coverage and to ultimately be reimbursed in the amount of the funds paid.

#### C. *Defendant's Motion*

The merits of the decision denying Medicare coverage are not presently at issue. Rather, defendant's motion sets forth threshold questions. Specifically, defendant seeks dismissal of the complaint pursuant to Rules 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a

claim) of the Federal Rules of Civil Procedure and pursuant to Rule 17(a) of the Federal Rules of Civil Procedure for failure to name a real party in interest. Alternatively, defendant seeks: (1) a stay of this decision pending a decision of the Second Circuit in *New York State Department of Social Services v. Bowen*, 661 F.Supp. 1537 (S.D.N.Y.1987), *app. pending*, No. 87 Civ. 6200 (2d Cir.); or (2) upon a determination of the proper party plaintiffs, a remand for further administrative proceedings.

## II. DISCUSSION

### A. *Stay*

■ As an initial matter, the Court will consider whether to grant defendant's request to stay this proceeding pending a decision of the Second Circuit Court of Appeals in *New York State Department of Social Services v. Bowen*, 661 F.Supp. 1537 (S.D.N.Y.1987), *app. pending*, No. 87 Civ. 6200 (2d Cir.) (*"DSS v. Bowen"*). The Court notes that a stay would be proper if the ultimate opinion rendered in that case would dispose of the issues raised here. Arguing against imposition of a stay, plaintiffs argue that the case pending before the Court of Appeals is both factually and legally distinguishable. Although the case presently pending an appellate decision and the case before this Court share some common legal issues, the Court agrees with plaintiffs that the cases are distinguishable.

In *DSS v. Bowen,* the plaintiff State Agency requested administrative review of multiple determinations reached during the Federal administrative process and, in addition, challenged Federal regulations regarding the assignability of Medicare benefits. Here, in contrast, judicial review of a single decision in which the state participated is challenged. In addition, in the case pending before the Second Circuit, it appears that the District Court was not presented with the opportunity to pass upon the applicability of 42 U.S.C. § 1395gg(e)—a principle argument set forth by plaintiffs here. Thus, the appellate decision will likely shed no light on this Court's application of that section.

In light of these facts, the Court holds that a decision in the case presently pending before the Second Circuit will not necessarily dispose of all of the issues in this case. The Court concludes, therefore, that the more prudent course to take is to consider this case on the merits and risk a later remand if the appellate court holds otherwise. Accordingly, the Federal government's request for a stay is denied.

### B. *Jurisdiction*

The named plaintiffs in this lawsuit are: (1) The New York State Department of Social Services; (2) Cesar Perales, an individual who appears in his capacity as the Commissioner of DSS; and (3) Rosel Hoevals by her representative William Kaufman, an employee of DSS who was appointed by Ms. Hoevals' daughter to act as Ms. Hoevals' representative during the administrative proceedings that preceded this lawsuit.

Plaintiffs assert that jurisdiction is proper pursuant to 42 U.S.C. §§ 1395ff and 405(g). Section 1395ff is part of the Medicare statute and provides that the initial determination of whether an individual is entitled to Medicare benefits is to be made by the Secretary of HHS (the "Secretary") in accordance with regulations prescribed by him. 42 U.S.C. § 1395ff(a). That section further provides that any individual dissatisfied with the Secretary's determination is entitled to an administrative hearing before the Secretary to the same extent as is provided in 42 U.S.C. § 405(b) and that such individual is then entitled to judicial review of the administrative decision as provided in section 405(g). 42 U.S.C. § 1395ff(b). Sections 405(b) and (g) are part of the Social Security Act that deals with old-age, survivors and disability insurance.

In order to state a claim, plaintiffs rely on the plain language of section 405(g) as well as two additional statutes—42 U.S.C. § 1395gg(e) and 42 U.S.C. § 1396a(a)(25). Section 1395gg(e) deals with payments made by the Secretary *on behalf of* individuals receiving medical care. Section 1396a(a)(25), commonly referred to as the

"third party recovery" provision of the Medicare statute, obligates State agencies administering Medicaid programs to pursue any third party that may be liable for the payment of medical services in order to obtain reimbursement for funds expended by Medicaid. The Court will discuss each of plaintiffs' grounds in turn.

## I. Section 405

█ Citing the language of section 405(g), plaintiffs assert that named plaintiff William Kaufman's participation in the administrative proceedings entitles him to seek judicial review of the administrative decision denying Medicare coverage. Specifically, plaintiffs rely on the language of section 405(g) incorporated by reference into the Medicare statute that grants the right of judicial review to any individual who was "a party to" the administrative hearing from which judicial review is sought. *See* 42 U.S.C. § 405(g). Section 405(g) however, refers specifically to administrative hearings held in conformance with section 405(b). That section enumerates the individuals who may be parties to administrative hearings. Included in that list of individuals are wives, husbands, widows, children and other family members who can make a showing that their rights may be prejudiced by the Secretary's decision. Since State agencies and their employees are absent from the section 405(b) list, they are not included in the class of individuals to whom section 405(g) refers. Thus, the Court concludes that plaintiffs cannot claim that jurisdiction exists pursuant to section 405(g).

## II. Section 1395gg(e): Payment on Behalf of Individuals

█ As noted above, section 1395gg(e) discusses payments made on behalf of individuals. The subsection of section 1395gg cited by plaintiffs is entitled "[s]ettlement of claims for benefits under [section 1395gg] on behalf of deceased individuals" and specifies the party to whom payment for covered services is to be made if the individual for whom the services at issue were provided is deceased. Here, plaintiffs rely on a provision authorizing payment to

be made on behalf of deceased individuals to the "person or persons determined … to have paid" for the deceased individual's medical expenses. 42 U.S.C. § 1395gg(e).

Although section 1395gg(e) authorizes *payment* to a party that paid for a deceased individual's medical care, the statute does not confer any right of *appeal* on the party that made payment. Thus, the plain language of section 1395gg(e) militates against a finding that the statute confers the right to appeal upon the state. Instead, it appears clear to the Court that section 1395gg(e) was enacted only to ensure that the proper party receives payment after any administrative or appellate process has concluded that such payment is due. Accordingly, the Court concludes that section 1395gg(e) does not vest this Court with jurisdiction over plaintiffs' claim and the Court turns to consider the application of section 1396a(a)(25).

## III. Section 1396a(a)(25): Third Party Recovery

█ Section 1396a(a)(25), commonly known as the third party recovery provision of the Medicaid statute, requires that state agencies administering Medicaid programs "take all reasonable measures to ascertain the legal liability of third parties to pay for care and services" available under Medicaid. 42 U.S.C. § 1396a(a)(25). Where potential liability for payment is identified, the statute obligates the state to pursue that third party "where the amount of reimbursement the State can reasonably expect to recover exceeds the costs of such recovery." *Id.*

Here, plaintiffs argue that they have identified the federal government as a third party that may be liable under the statute and have commenced this action in accordance with the statutory mandate. Arguing against application of the third party liability provision, defendant points out that since Congress intended to benefit both the state and federal governments when it passed the third party liability provision, the federal government cannot constitute a party from whom third party liability can be sought. Plaintiffs counter by pointing out that defendant's own guidelines iden-

tify the federal government as an appropriate third party from whom reimbursement may be sought. *See* HCFA Regional Office Manual, Part 6, § 1810B, Sec. 6–50–21– Definitions, *reprinted in,* CCH Medicaid/Medicare Guide ¶ 36, 386.

Although the Court notes that plaintiffs' citation to the federal regulations is accurate, the Court agrees with defendant and holds that third party liability may not be sought by the State from the federal government. Here, as in any case raising an issue of statutory construction, the Court must examine both the language and legislative history of the statute at issue. While it is true that the language of the statute can be construed to identify the Federal government as a "third party" that may be liable for payment, the statute's mandate that third parties be pursued is not, as pointed out by Judge Ward in *DSS v. Bowen,* an absolute command. Rather, the State must "take all *reasonable* measures to ascertain" third party liability and must pursue those parties only in those cases where "the amount of reimbursement the State can reasonably expect to recover exceeds the costs of such recovery." 42 U.S.C. § 1396a(a)(25)(A), (C) (emphasis added).

Here, the Court concludes that notwithstanding the presence of regulations identifying the federal government as a "third party," pursuing the federal government is not a "reasonable measure" contemplated by the statute. As noted by the federal government here and by Judge Ward, the overriding purpose of the third party liability provision was to benefit both the federal *and* state governments. *See DSS v. Bowen,* 661 F.Supp. at 1552–53. Although the State administers Medicaid, the program is funded by the federal and state governments. Thus, the costs of pursuing the federal government as a third party are borne by the federal as well as the state government. In addition, the third party liability statute provides that the federal government will share in any recovery obtained by the state. It makes little sense to have the federal government aid in financing a lawsuit against itself where it will recover part of the proceeds. Since

plaintiffs' interpretation of the statute would benefit the state government at the expense of the federal government, it is inconsistent with Congressional intent. The Court declines, therefore, to interpret section 1396a(a)(25) in accord with plaintiffs' view.

### IV. Rule 17(a) and Remand

Defendant has also argued in favor of dismissal for failure to name a real party in interest in conformance with Rule 17(a) of the Federal Rules of Civil Procedure or, in the alternative, for a remand. Since the Court has found that there is no statutory authority for this lawsuit, the Court need not reach questions arising under Rule 17 or the question of remand.

### CONCLUSION

Throughout their papers, plaintiffs have argued that a refusal by this Court to entertain this lawsuit will result in the inequitable result of insulating unfair administrative determinations from judicial review. The Court notes, however, that Congress has often evidenced an intent to preclude judicial review of certain claims arising under the Medicare Act, *see DSS v. Bowen,* 661 F.Supp. at 1545, and it cannot be said that this procedure will always lead to inequities. Put simply, this Court cannot hold that Congress intended that the issue of whether the state or federal government is responsible for payment of medical expenses is one that was to be pursued, by two governmental entities, beyond the administrative level.

Defendant's motion to dismiss the complaint is granted.

SO ORDERED.